## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ANA MARGARITA BOYLE and | § | |
| DENNIS BOYLE, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-cv-04006 |
| | § | |
| WELLS FARGO BANK, N.A. and | § | |
| BARRET DAFFIN FRAPPIER | § | |
| TURNER AND ENGEL, LLP, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiffs' Motion to Remand [Doc. # 6], to which Defendant Wells Fargo Bank, N.A. ("Wells Fargo") has filed a Response. [Doc. # 9]. Defendant BDFTE has also filed a Motion for Summary Judgment [Doc. # 8]. Having considered the full record and the governing legal authorities, the Court concludes that federal question jurisdiction does not exist over any of Plaintiffs' state law claims because those claims do not arise under federal law. The Court also concludes that diversity jurisdiction does not exist in this case because the non-diverse party, Barrett Daffin Frappier Turner & Engle, LLP ("BDFTE"), was not improperly joined. Accordingly, the Court lacks subject matter jurisdiction, grants Plaintiff's Motion to Remand, and denies Defendant

BDFTE's Motion for Summary Judgment as moot.  This case will be **remanded** to the 333rd Judicial District Court, Harris County, Texas.

## I.    FACTS

The facts in this paragraph are primarily taken from the Original Petition ("Complaint") [Doc. # 1-3] filed in Texas state court.  In 2007, Plaintiffs obtained a $310,000 mortgage from the Vault Mortgage Company to purchase a house.  *See* Compl. ¶ 8; Deed of Trust [Doc. # 8-2] at 1.  This mortgage was eventually sold and assigned to Wells Fargo.  *Id.*  In July 2010, Plaintiffs' dual income was reduced to a single income.  *Id.* ¶ 9.  Around that time, Plaintiffs had approximately $90,000 of equity in their house.  *Id.*  Plaintiffs contacted Wells Fargo "to discuss their options," *id.*, but received incorrect or no information from Wells Fargo about a loan modification or any foreclosure alternative program that might be available to them.  *Id.* ¶ 21.  After an unsuccessful attempt to sell their house, Plaintiffs again contacted Wells Fargo, but received no information about available options.  *Id.* ¶¶ 23–24.  In January 2011, Plaintiffs filed for protection under Chapter 13 of the Bankruptcy Code.  *Id.* ¶ 25.  After emerging from bankruptcy proceedings in August 2011, Plaintiffs again contacted Wells Fargo, but received no information or opportunities to participate in loan modification or foreclosure alternatives.  *Id.* ¶ 26.  Eventually, Plaintiffs' house was posted for a November 1, 2011 foreclosure sale.  *Id.*

Early on November 1, 2011, Plaintiffs filed this lawsuit in Texas state court against Wells Fargo and BDFTE, alleging breach of contract, promissory estoppel, negligence, and violations of the Texas Finance Code on debt collection. According to Plaintiffs, Wells Fargo is a mortgage loan servicer for the Federal National Mortgage Association ("Fannie Mae"), *id.* ¶ 4, as well as a participant in the Making Homes Affordable Program ("MHAP"), which offers various loan modification and foreclosure alternative programs, including the Home Affordable Modification Program ("HAMP") and the Home Affordable Foreclosure Alternative program ("HAFA"). *Id.* ¶¶ 13–14. As a HAMP and Fannie Mae loan servicer, Wells Fargo is purportedly governed by the "Making Home Affordable Servicer Handbook" ("HAMP Handbook"), the "Home Modification Program Guidelines"[1] ("HAMP Guidelines"), the Fannie Mae Single Family 2011 Servicing Guide ("Fannie Guide"), and/or the servicing agreement between Wells Fargo and Fannie Mae ("Wells-Fannie Servicing Agreement") (collectively, the "Federal Guidelines or Agreements"). *See id.* ¶¶ 14–20, 27.

---

[1]     In their Complaint, Plaintiffs refer to the "MHA guidelines." *See* Compl. ¶ 17. To the extent that the "MHA guidelines" to which Plaintiffs refer may be distinct from the HAMP Guidelines, the Court's use of the term "HAMP Guidelines" includes the other "MHA guidelines" to which Plaintiffs refer.

3

Plaintiffs sought and the state court granted a temporary restraining order preventing the foreclosure. *See* Temporary Restraining Order & Order Setting Hearing for Preliminary Injunction ("Order") [Doc. # 1-3] at 30–31.

Plaintiffs principally allege that Wells Fargo failed to inform them of or consider them for any loan modification or foreclosure alternative programs, even though Wells Fargo was required to do so under the HAMP Handbook, the HAMP Guidelines, the Fannie Guide, and/or the Wells-Fannie Servicing Agreement. *Id.* ¶¶ 21–36. Plaintiffs also allege that Wells Fargo and BDFTE violated the Texas Finance Code when they threatened and proceeded with foreclosure without properly verifying Plaintiffs' debt or considering Plaintiffs for HAMP, HAFA, or other Fannie Mae loan modification programs. *Id.* ¶¶ 38–40.

On November 15, 2011, Wells Fargo removed the case to this Court, claiming diversity of citizenship and an amount in controversy in excess of $75,000 pursuant to 28 U.S.C. § 1332. *See* Notice of Removal ("Notice") [Doc. # 1], ¶¶ 7–11. Defendants also argued that joinder of Defendant BDFTE was improper. *Id.* ¶¶ 12–14.[2]

---

[2]     In its Notice of Removal, Wells Fargo listed 28 U.S.C. § 1331 among its bases for removal, *see id.* at 1, but did not discuss the Court's federal question jurisdiction in any depth.

4

On December 27, 2011, Plaintiffs filed a Motion to Remand ("Motion") [Doc. # 6], arguing that the Court lacks subject matter jurisdiction because joinder of non-diverse BDFTE was proper.  Plaintiffs also sought attorney's fees for the costs associated with Defendants' allegedly improper removal of this case to federal court.  *Id.* ¶ 25.  Defendants timely filed a Response [Doc. # 9], countering that the Court has both federal question and diversity jurisdiction.  Plaintiffs' Motion is now ripe for decision.

## II.   <u>LEGAL STANDARDS AND ANALYSIS</u>

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen*, 511 U.S. at 377 (citations omitted).  Thus, a court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377).  "[A]ny doubt about the propriety of removal must be resolved in favor of remand."  *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

### A.    <u>Federal Question Jurisdiction</u>

Wells Fargo argues that removal is proper because Plaintiffs' state-law-claims require interpretation of federal guidelines or agreements.  *See* Resp. ¶¶ 9–11.  For the following reasons, the Court disagrees.

Congress allows for removal of a case from state court to federal court when a plaintiff's complaint alleges a claim "arising under" federal law.  28 U.S.C. § 1441; *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).  A case "aris[es] under" federal law within the meaning of 28 U.S.C. § 1331, if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily implicates significant federal issues.  *Grable & Sons Metal Prods., Inc. v. Darue*, 545 U.S. 308, 312 (2005) (citations omitted); *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983).  For the latter category of cases, a federal court may assert jurisdiction only where the state-law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing the approved balance of federal and state judicial responsibilities."  *Grable*, 545 U.S at 314.  The Fifth Circuit test is virtually the same.  *See Singh v. Duane Morris LLP*, 538 F. 3d 334, 338 (5th Cir. 2008) (holding that federal question jurisdiction exists where "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is

6

actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.").

In the instant case, Plaintiffs allege four state-law claims against Wells Fargo: breach of contract,[3] promissory estoppel,[4] negligence,[5] and violation of the Texas Finance Code.[6]  Wells Fargo argues that federal question jurisdiction exists because Fannie Mae is a "federally chartered agency of the United States government" and Plaintiffs' claim for breach of contract as a third-party beneficiary of the Wells-Fannie Servicing Agreement requires the interpretation of federal guidelines or contracts.  Resp. at 3.  Wells Fargo also argues that all four of Plaintiffs' claims are based on Wells Fargo's alleged violations of the HAMP

---

[3]     Plaintiffs plead two breach-of-contract theories.  First, Plaintiffs allege that Wells Fargo breached the requirements of Plaintiffs' Deed of Trust, which Wells Fargo holds by assignment and which allegedly required Wells Fargo to consider Plaintiffs for HAMP and HAFA modifications.  *See* Compl. ¶ 27.  Second, Plaintiffs allege that they are the intended third-party beneficiaries of the Wells-Fannie Servicing Agreement, which similarly required that Wells Fargo consider Plaintiffs for various HAMP or Fannie Mae modification or foreclosure alternatives.  *Id.* ¶ 28.

[4]     Plaintiffs urge a promissory estoppel theory based on Wells Fargo allegedly making specific promises to follow the HAMP Handbook and the Fannie Guide, including considering Plaintiffs for loan options and explaining in writing any denials. *Id.* ¶ 32.

[5]     Plaintiffs allege a negligence claim in that they argue Wells Fargo owed a duty to Plaintiffs to follow the HAMP Handbook and that Wells Fargo breached that duty when it failed to inform them of or consider them for HAMP and HAFA.  *Id.* ¶ 36.

[6]     Plaintiffs allege that Wells Fargo and BDFTE violated sections 392.301(a)(8) and 392.304(a)(19) of the Texas Finance Code when they failed to properly consider Plaintiffs for HAMP, HAFA or Fannie Mae modifications, or to verify Plaintiffs' debt. *Id.* ¶¶ 38–40.

7

Handbook, HAMP Guidelines, the Fannie Guide, or the Wells-Fannie Servicing Agreement (*i.e.*, the Federal Guidelines or Agreements).[7] *See* Resp. at 3–4. Wells Fargo urges there is a substantial issue whether the bank was obligated to perform various tasks or duties under the Federal Guidelines or Agreements, as Plaintiffs claim. For purposes of federal question jurisdiction, this issue must be (1) necessary to resolution of Plaintiffs' state-law claims, (2) actually disputed, (3) substantial, and (4) consistent with the balance of federal and state judicial responsibilities intended by Congress. *See Grable*, 545 U.S. at 314; *Singh*, 538 F.3d at 338. Because the Court finds that Wells Fargo has failed to show that this issue is "actually disputed" or "substantial" in the sense explained by the governing cases, Wells Fargo has not met its burden of showing that federal question jurisdiction exists.

In the instant case, a court will have to determine Wells Fargo's obligations under the Federal Guidelines or Agreements in order to resolve many of Plaintiffs' claims. Wells Fargo has not, however, shown if or how its obligations as a loan servicer under these guidelines or agreements is "actually disputed" by Plaintiffs, as required under *Grable*. *See* 545 U.S. at 314. In *Grable*, the plaintiff landowner

---

[7]     For purposes of the Motion, the Court accepts the parties' assertions that HAMP and Plaintiffs' mortgage are governed by the Federal Guidelines or Agreements. The Court also does not decide Wells Fargo's assertion that these guidelines or agreements are federal in nature.

sued in state court to quiet title on property that had been seized by the Internal Revenue Service ("IRS"), 545 U.S. at 310, and the parties squarely disputed whether the federal tax statute required that notice of the tax sale be given by personal service, rather than service by certified mail. *See id.* at 315 ("[T]he meaning of the federal [tax] statute [was] actually in dispute . . . ."). In holding that federal-question jurisdiction existed over the state claim, the Court clearly stated that "federal jurisdiction demands . . . a contested federal issue . . . ." *Id.* at 313; *see also Singh*, 538 F.3d at 338 (identifying "actually disputed" as a discrete requirement in federal question jurisdiction inquiry). Here, Wells Fargo contends that Plaintiffs' claims "call into question the interpretation" of the Federal Guidelines or Agreements. *See* Resp. at 3–4. Wells Fargo has not, however, established that the parties genuinely disagree on the meaning or requirements of these Guidelines or Agreements, or a loan servicer's obligations under them. *See Kenny v. Bank of Amer.*, 2011 WL 6046452, at *2 (E.D. Va. Dec. 5, 2011) (holding that federal question jurisdiction did not exist because while the plaintiffs' state law claims "may lead to a dispute regarding the interpretation of HAMP, they do not *necessarily* do so."). Wells Fargo thus has failed to meet its burden of showing the federal issue here is actually disputed. *See Howery*, 243 F.3d at 916 ("[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

9

Wells Fargo also has failed to show that any federal issue here is substantial. In *Grable*, the Court found a substantial federal interest in the state case in part because "[t]he meaning of the federal tax provision is an important issue of federal law that sensibly belongs in federal court" and the IRS's notice requirements implicate the federal government's "strong interest in the 'prompt and certain collection of delinquent taxes.'"   545 U.S. at 315.   As discussed above, Wells Fargo has not argued that Plaintiffs challenge Wells Fargo's interpretation or "meaning" of the Federal Guidelines or Agreements.   Nor has Wells Fargo argued the importance of a specific "meaning" to federal law or certain federal entities. *See Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700 (2006) (identifying the role and interest of the IRS as a reason why the federal issue in *Grable* was substantial).   Because Wells Fargo has not shown how any federal issue in this case is actually disputed or substantial,[8] Wells Fargo has failed to meet its burden of establishing federal question jurisdiction.[9]

---

[8]     The Court does not reach the issue of whether the federal issue here is "consistent with the balance of federal and state judicial responsibilities intended by Congress." *See Grable*, 545 U.S. at 314; *Singh*, 538 F.3d at 338.

[9]     Other courts *have* found federal question jurisdiction to be lacking under circumstances similar to those here.  *See, e.g.*, *Mosley v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 86589, at *9 (E.D. Va. Aug. 4, 2011) (internal citations omitted) (granting motion to remand because "mere reference to HAMP procedures and guidelines in state-law breach of contract and tort claims is not sufficient to create federal question subject-matter jurisdiction," even where the complaint "frequently refers to HAMP

10

### B.   <u>Diversity Jurisdiction</u>

Wells Fargo also argues that Defendant BDFTE was improperly joined and, as a result, the Court should disregard BDFTE's citizenship for purposes of diversity jurisdiction.  A non-diverse defendant may be found to be improperly joined if either there is "actual fraud in the plaintiff's pleading of jurisdictional facts" or if the removing defendant demonstrates that the plaintiff cannot establish a cause of action against the non-diverse defendant.  *See Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)).  Wells Fargo has not alleged actual fraud in Plaintiffs' pleading of the jurisdictional facts in this case.

Under the second prong, the test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Kling*, 575 F.3d at 513 (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385

---

procedures and guidelines"); *Carlos v. Bank of Am. Home Loans*, 2011 WL 166343, at *1 (C.D. Cal. Jan. 13, 2011) (internal citations omitted) ("[T]here is no federal question presented merely because Plaintiffs' state law claims may incorporate or turn upon allegations of HAMP violations.").

F.3d 568, 573 (5th Cir. 2004) (*en banc*)).   The party asserting improper joinder bears a heavy burden of persuasion.  *Id.* at 514.

Wells Fargo argues that BDFTE is not a "debt collector" under section 392.001(6) of the Texas Finance Code and that Plaintiffs have failed to allege any facts placing BDFTE within the definition of a debt collector.  *See* Resp. ¶¶ 15–16. Wells Fargo also argues that BDFTE is acting as a "substitute trustee" and that under section 51.007 of the Texas Property Code, substitute trustees cannot be held liable to the mortgagor for the execution of his duties as a trustee.  *See* Resp. ¶ 18. Plaintiffs have countered, however, that they allege that in BDFTE's pre-recorded telephone messages and written correspondence with borrowers, BDFTE states that it is a "debt collector."  *See* Compl. ¶ 37.  Plaintiffs also allege that BDFTE places the notice, "This is an attempt to collect a debt," on its written correspondence with borrowers.  *See id.*   For purposes of improper joinder analysis, Plaintiffs' allegations are sufficient to defeat Wells Fargo's argument that Plaintiff has "no possibility" of showing that BDFTE is a debt collector and therefore Wells Fargo has failed to show BDFTE is improperly joined as a Defendant in this suit.

Plaintiffs also allege that BDFTE violated sections 392.301(a)(8) and 392.304(a)(19) of the Texas Finance Code by, respectively, failing to issue a written certification attesting that all loss mitigation options had been exhausted

12

and failing to account the total amount of the loan due.  *See* Compl. ¶¶ 38, 39.  In its Response, Wells Fargo has not argued or cited any evidence that a debt collector is not so required under the Texas Finance Code or any of the Federal Guidelines and Agreements.  For this reason also, Wells Fargo has failed to meet its burden of showing that Plaintiffs have "no possibility" of prevailing on its violation of Texas Finance Code claim against BDFTE.  The Court thus concludes that BDFTE was not improperly joined.

Because BDFTE was not improperly joined, the Court must consider BDFTE's citizenship for purposes of deciding whether this Court has subject matter jurisdiction.  Wells Fargo does not contest the allegations in the Complaint that Plaintiffs are citizens of Texas, *see* Compl. ¶ 2, as is BDFTE.  *See Id.* ¶ 4.  As a result, complete diversity of citizenship is lacking and there is no subject matter jurisdiction over this suit.  Plaintiffs' Motion to Remand must be granted.

## III.   <u>CONCLUSION AND ORDER</u>

Based on the foregoing, the Court concludes that it has neither federal question nor diversity jurisdiction in this case.  Accordingly, the Court lacks subject matter jurisdiction.  It is therefore

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 6] is **GRANTED**.  It is further

ORDERED that Defendant's request for an oral hearing is **DENIED**.  It is further

ORDERED that Plaintiffs' and Defendants' requests for attorney's fees and cost is **DENIED**.  It is further

ORDERED that Defendant Barrett Daffin Frappier Turner & Engle, LLP's Motion for Summary Judgment [Doc. # 8] is **DENIED** as **MOOT**.

The Court will issue a separate Remand Order.

SIGNED at Houston, Texas, this 31st day of **January, 2012**.

Nancy F. Atlas
United States District Judge

14